## UNITED STATES DISTRICT COURT FOR
## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SALVATORE'S ITALIAN GARDENS INC., GARDEN PLACE, INC. and THE DELAVAN HOTEL, LLC**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**HARTFORD FIRE INSURANCE COMPANY**<br><br>**Defendant.** | **Case No.: 1:20-cv-00659-LJV** |

### PLAINTIFFS' MOTION AND SUPPORT TO STAY PENDING ACTION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION AND NOTICE OF AUTHORITY

Plaintiffs Salvatore's Italian Gardens Inc., Garden Place, Inc. and The Delavan Hotel, LLC ("Plaintiffs") respectfully move this Court for an order staying all deadlines in this matter pending a decision by the Joint Panel on Multi-District Litigation ("JPML"). A proposed Order is attached hereto. Based on the below, a Stay is warranted.

1.      This case is one of more than 200 pending in federal courts around the country against various insurance companies seeking business insurance coverage for business income losses arising out of the COVID-19 pandemic.

2.      Plaintiffs initiated this case by filing a Complaint on June 2, 2020, seeking a declaratory judgment that, *inter alia*, the insurance policy issued by Defendant provides coverage for Plaintiffs for business interruption losses caused by orders of civil authority. *See* ECF #1.

3.      On August 3, 2020, Defendant filed a Motion to Dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. *See* ECF # 21.

4.     Concurrent with Plaintiffs' action, several motions and numerous responses seeking consolidation of these actions were filed with the JPML.  *See In re: COVID-19 Business Interruption Protection Ins. Litig.*, Dkt. No. MDL-2942.

5.     The JPML held a hearing on consolidation of these actions for July 30, 2020.

6.     The Plaintiffs respectfully notified this Court of the August 12, 2020 decision by the JPML").  The JPML issued a decision denying the application to consolidate and transfer all cases against all insurers involving claims similar to Plaintiffs'.

7.     However, the JPML reasoned that "the arguments for insurer-specific MDLs are more persuasive" such that the Panel issued show cause orders to the parties in cases involving four insurers—including some Defendants  before this Court—to show why those actions should not be centralized.  *Id.* at 4.

8.     The Panel recognized, with respect to the actions against four insurers, "centralization of these actions could eliminate inconsistent pretrial rulings with respect to the overlapping nationwide class claims that most of the insurers face" as well as "eliminate duplicative discovery."  *Id.*

9.     The JPML also expedited responses to the show cause orders to ensure the matters could be discussed at the September 24, 2020 hearing, specifically including matters involving the Defendant in the instant matter.  *See In Re: Hartford Covid-19 Business Interruption Protection Insurance Litigation*, MDL No. 2963 (Exhibit A).

10.     The Panel asked the Defendant why the actions should not be transferred to a single district and afforded parties seeking centralization an opportunity to file replies.  The Panel is having argument on these September 24, 2020.  A JMPL transfer decision "[u]sually [occurs]

within two weeks of oral argument . . . ." John G. Heyburn II, *A View from the Panel: Part of the Solution*, 82 TUL. REV. 2225, 2244 n.88. (2008) such that the delay would be minimal in duration.

11.     Plaintiffs move to stay this action in its entirety pending a ruling by the JPML concerning the motion to transfer this action for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 because work done in this matter by this Court and the parties now, before the JPML's decision on the MDL application, could potentially become wasted effort if an MDL is created and consolidation occurs.

12.     Given the procedural posture of this action and the related cases currently awaiting a ruling before the JPML, conservation of the parties' resources and judicial efficiency dictate that all deadlines in this matter, including Plaintiffs' obligation to respond to Defendant's Motion to Dismiss, should be stayed pending the JPML's ruling.

13.     It is well within the Court's discretion to stay proceedings. *Royal Park Investments SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 369-70 (S.D.N.Y. 2013). Additionally, courts in this District routinely stay motions pending rulings by the JPML. *Id.* at 370; *see also Civitillo v. Merck & Co.*, No. 07-CV-6612L, 2008 WL 251922, at *1 (W.D.N.Y. Jan. 30, 2008) (collecting cases).

14.     In deciding whether a stay is appropriate, a court should consider (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Pierre v. Prospect Mortg., LLC*, No. 1:13-CV-453 NAM/RFT, 2013 WL 5876151, at *2 (N.D.N.Y. Oct. 31, 2013).

15.     Here, a temporary stay would create no prejudice to Defendant.  However, allowing the action to continue would create hardship on Plaintiffs by exposing them to unnecessary proceedings and potential inconsistent rulings.  On the other hand, a temporary stay will promote judicial economy and efficiency by avoiding duplicative and potentially wasted efforts by this Court.

16.     As other courts in this District have noted, stays pending transfer are "not extraordinary" and "will also conserve judicial resources, one of the fundamental goals of multidistrict litigation practice." *North v. Merck & Co.*, No. 05-CV-6475L, 2005 WL 2921638, at *2 (W.D.N.Y. Nov. 4, 2005); *see also Civitillo* at *1 (collecting cases).

17.     Accordingly, Plaintiffs respectfully request this Court enter an order staying all proceedings in this matter, including Defendant's Motion to Dismiss, pending the JPML's decision.  Plaintiffs will promptly inform the Court in the event this action is not transferred by the JPML.

18.     Counsel for the Plaintiffs communicated with counsel for the Defendant regarding the need for such a motion.  Defendant indicated that it opposes this motion.

Dated: August 19, 2020                          Respectfully submitted,


                                                */s/ John Richmond*
                                                John E. Richmond, Esq.
                                                **RICHMOND VONA, LLC**
                                                1659 Amherst St., Suite 100
                                                Buffalo, NY 14214
                                                Telephone: 716-500-5678
                                                Facsimile: 716-500-5679
                                                john@richmondvona.com

Richard M. Golomb, Esq.
Kenneth J. Grunfeld, Esq.
**GOLOMB & HONIK, P.C.**
1835 Market Street, Suite 2900
Philadelphia, PA 19103
Telephone: (215) 985-9177
Facsimile: (215) 985-4169
rgolomb@golombhonik.com
kgrunfeld@golombhonik.com

Arnold Levin, Esq.
Frederick Longer, Esq.
Daniel Levin, Esq.
**LEVIN SEDRAN & BERMAN, L.L.P.**
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3697
Telephone: (215) 592-1500
alevin@lfsblaw.com
flonger@lfsblaw.com
dlevin@lfsblaw.com

W. Daniel "Dee" Miles, III
Rachel N. Boyd
Paul W. Evans
**BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.**
P.O. Box 4160
Montgomery, Alabama 36103
Tel: (334) 269-2343
Fax: (334) 954-7555
Dee.Miles@BeasleyAllen.com
Rachel.Boyd@BeasleyAllen.com
Paul.Evans@BeasleyAllen.com

*Counsel for Plaintiffs*