UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SALVATORE'S ITALIAN GARDENS INC.,

GARDEN PLACE, INC., and

THE DELAVAN HOTEL, LLC,

                Plaintiffs,

—*against*—

HARTFORD FIRE INSURANCE COMPANY,

                Defendant.

20 Civ. 659 (LJV) (LGF)

**OPPOSITION TO PLAINTIFS' MOTION TO STAY PENDING ACTION OF THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

September 1, 2020

STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-3000

1114 Avenue of the Americas
New York, New York 10036
(212) 506-3900

TULLY RINCKEY, PLLC
400 Linden Oaks, Suite 110
Rochester, New York 14625
(585) 899-1458

5488 Sheridan Dr., St. 500
Buffalo, New York 14221
(716) 439-4700

## **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................ 1

BACKGROUND FACTS ............................................................................................................... 1

DISCUSSION .................................................................................................................................. 3

    I.      Governing Standards ............................................................................................ 3

    II.     A Stay Would Serve No Useful Purpose ............................................................. 3

CONCLUSION ................................................................................................................................ 5

## **TABLE OF AUTHORITIES**

**Page(s)**

### CASES

*In re COVID-19 Business Interruption Protection Ins. Litig.*,
    MDL No. 2942, 2020 WL 4670700 (J.P.M.L. Aug. 12, 2020) .......................................... 2

*Royal Park Investments SA/NV v. Bank of America Corp.*,
    941 F. Supp. 2d 367 (S.D.N.Y. 2013) ................................................................................ 3

*See Landis v. North American Co.*,
    299 U.S. 248 (1936) ........................................................................................................... 3

*Smokey Alley Farm Partnership v. Monsanto Co.*,
    No. 4:17 CV 2031 2018 WL 278624 (E.D. Mo. Jan. 3, 2018) .......................................... 5

*Sullivan v. Cottrell, Inc.*,
    No. 11CV1076S, 2012 WL 694825 (W.D.N.Y. Feb. 29, 2012) ......................................... 3

*Wishon v. Monsanto Co.*,
    No. CIV-13-770-M, 2013 WL 5596319 (W.D. Okla. Oct. 11, 2013) ................................ 5

## INTRODUCTION

This Court should deny Plaintiffs' motion for a stay. Plaintiffs Salvatore's Italian Gardens Inc., Garden Place, Inc., and The Delavan Hotel, LLC (together, "Salvatore's") ask this Court to stay this case pending a possible consolidation order from the Judicial Panel on Multidistrict Litigation ("JPML"). But the only activity scheduled to occur before the JPML rules—completing briefing on the pending motion by defendant Hartford Fire Insurance Company ("Hartford Fire") to dismiss—will not involve any Court resources and will ultimately help advance this case, regardless of how the JPML rules. A stay would serve no useful purpose, and would only cause delay. Accordingly, this Court should deny Salvatore's request for a stay.

## BACKGROUND FACTS

This insurance coverage case involves a business interruption claim arising from the COVID-19 pandemic. Salvatore's filed an insurance claim relating to its interruption of business and, on March 24, 2020, Harford Fire denied the claim. (ECF 1 ("Compl.") ¶ 23 & Ex. A (denial letter).) Hartford Fire explained that Salvatore's had not, as required for coverage, "identif[ied] any physical loss to any building or personal property at the scheduled premises." (*Id*. at 2.)

On June 2, 2020, Salvatore's filed this suit, seeking a declaration in its favor regarding two coverages under the governing policy: "business income coverage" and "coverage for any current and future civil authority closures of businesses." (Compl. ¶ 51(g), (h).)

On August 3, 2020, Hartford Fire moved to dismiss the Complaint because the underlying policy covers only "direct physical loss" or "physical damage" to property—which is not alleged to have occurred—and because the policy expressly excludes coverage for viruses. (ECF 1.) Under the Court-ordered briefing schedule, the motion was to be fully briefed by September 14, 2020. (ECF 23.)

On August 12, 2020, the JPML rejected two motions to centralize into a multi-district litigation ("MDL") over 250 cases against various property insurers for business interruption claims arising from the COVID-19 pandemic. *In re COVID-19 Business Interruption Protection Ins. Litig.*, MDL No. 2942, 2020 WL 4670700 (J.P.M.L. Aug. 12, 2020). As the JPML explained, "these cases involve different insurance policies with different coverages, conditions, exclusions, and policy language, purchased by different businesses in different industries located in different states." *Id*. at *2. Centralization was not appropriate because the proposed MDL involved "very few common questions of fact," and would encompass "more than a hundred insurers and the laws of the fifty states." *Id*. & n.2.

The Panel nonetheless ordered further briefing as to whether there should be separate MDLs on an insurer-by-insurer basis, explaining that the record was not developed enough to reach a conclusion on that issue: "The Panel requires a better understanding of the factual commonalities and differences among these actions, as well as the efficiencies that may or may not be gained through centralization, before creating an insurer-specific MDL." *Id*. at *3. This issue will be heard at the JPML's session on September 24, 2020. *Id*.

On August 19, 2020, Salvatore's moved to stay all proceedings in this action, pending the decision of the JPML on the remaining centralization decision. (ECF 25.) Salvatore's argued that continuing with this case would expose it to "unnecessary proceedings and potential inconsistent rulings." (*Id*. ¶ 15.)

On August 21, 2020, the Court issued a briefing schedule on the motion to stay, and ruled that the motion to dismiss would be "held in abeyance" in the meantime. (ECF 27.)

## DISCUSSION

### I. GOVERNING STANDARDS

A district court has the power to decide whether to stay proceedings before it. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A Court considering a stay application must "exercise its judgment, which must weigh competing interests and maintain an even balance." *Royal Park Investments SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 370 (S.D.N.Y. 2013). The interests to weigh include, among others, "the interests of the plaintiffs in proceeding expeditiously", the "burden on the defendants" and the "interests of the courts". *Id.*

Courts are not required to grant a stay simply because a motion to transfer is pending before the JPML. *Sullivan v. Cottrell, Inc.*, No. 11CV1076S, 2012 WL 694825, at *5 (W.D.N.Y. Feb. 29, 2012) As Magistrate Judge Scott has explained: "[t]he Manual for Complex Litigation advises that a potential transferor court should not automatically postpone rulings on pending motions and *motions to dismiss . . . ought to be considered by the transferor court before the JPML acts on a pending MDL transfer motion*." *Id.* at *5 (*citing* Manual for Complex Litigation § 20.131, at 220–21 (4th ed 2004)) (emphasis added).

### II. A STAY WOULD SERVE NO USEFUL PURPOSE

A stay would serve no useful purpose here. Absent a stay, the parties will only be briefing a motion to dismiss, which will be a necessary and productive exercise whether that motion is ultimately decided by this Court or a transferee court.

Contrary to the suggestions of Salvatore's motion, Hartford Fire believes that an insurer-specific MDL is unlikely, for the same reasons the JPML denied industry-wide centralization. For example, the problem of trying to centralize cases governed by the laws of 50 states, and involving business impacted differently by the varying "stay-at-home" orders of the 50 states, is not solved by subdividing these cases into separate MDLs by insurer.

Importantly, in the interim period before the JPML makes a ruling, it is unlikely that the Court will be called upon to expend any judicial resources on this case. The JPML hearing is scheduled for September 24, 2020, and decisions are typically issued within two weeks thereafter. Thus, a decision from the JPML can be expected by mid-October.

While Salvatore's would prefer to do nothing before mid-October, Hartford Fire prefers to move this case forward. If this motion to stay is denied, it is likely that the motion to dismiss would be fully briefed at roughly the same time as the expected JPML decision. No judicial resources would be wasted in the meantime.

Whether this case is transferred to an MDL or not, having the parties complete briefing sooner rather than later will promote the efficient advancement of this case. Hartford Fire's motion to dismiss raises threshold legal issues under New York law. Even if the case is transferred, it will benefit the transferee court to have the motion fully briefed. As one court explained, in refusing to stay another COVID-19 insurance case pending the JPML ruling:

> Entering a stay at this juncture and under these circumstances would not rescue [movants] from material hardship or the risk of inconsistent adjudications; after all, they must answer the Complaint anyway, and the likelihood of adjudication of any merits issues prior to … when the MDL Panel will hear the motions to transfer[] appears quite slim, simply because of the nascent status of this litigation. … Such a protracted delay appears both unnecessary and unwarranted. By contrast, it would benefit both the parties and the transferee court (assuming there is one) to have a clear picture of the issues joined and the defenses raised, with briefing of any threshold legal issues already completed, at the time of any transfer order by the MDL Panel.

*See* Order Denying Motion to Stay, *SA Palm Beach LLC v. Certain Underwriters at Lloyd's of London*, No. 9:20-cv-80677-UU, ECF 15 (S.D. Fl. May 28, 2020) (citation omitted) (Michael

- 4 -

Decl. Ex. A).[1] Along the same lines, Judge Koeltl in the Southern District of New York, facing arguments similar to those raised here, recently denied a request for a stay premised on the prospect that the JPML will ultimately order insurer-by-insurer centralization. *See Food For Thought Caterers, Corp. v. The Hartford Financial Services Group, Inc.*, 20-cv-03418-JGK, ECF 32, 35 (S.D.N.Y. Aug.19, 2020) (Michael Decl. Exs. B, C.)  And in another COVID-19 business interruption coverage case, Judge Woods of the Southern District of New York set a briefing schedule on defendant's motion to dismiss, despite the plaintiff's request for a stay. *See Siegel & Siegel, P.C. et al. v. Hartford Cas. Ins. Co.*, 20 Civ. 4993, ECF 26, 27 (Aug. 18, 2020) (Michael Decl. Exs. D, E.) This Court should follow the lead of its fellow district courts and allow this case to proceed forward.

Finally, Salvatore's has not articulated any prejudice it would suffer if this Honorable Court allows this case to proceed.  By contrast, Hartford Fire will be prejudiced by needless delay on its meritorious, pending motion.

## CONCLUSION

For the foregoing reasons and others appearing on the record, Hartford Fire respectfully requests that this Honorable Court deny Salvatore's motion to stay.

---

[1] *See also*, *e.g.*, *Wishon v. Monsanto Co.*, No. CIV-13-770-M, 2013 WL 5596319, at *2 (W.D. Okla. Oct. 11, 2013) (denying stay and explaining: "[I]f the JPML transfers this action to another district, this Court can simply transfer the fully briefed motion to the transferee court for resolution, and if the JPML denies the transfer motion, defendant's motion to dismiss will be fully briefed and ready for resolution before this Court."); *Smokey Alley Farm Partnership v. Monsanto Co.*, No. 4:17 CV 2031 2018 WL 278624, at *4 (E.D. Mo. Jan. 3, 2018) (refusing to stay case pending JPML ruling because "[m]oving the case forward by having the motions to dismiss fully briefed and ready for adjudication by this Court or another court, will not prejudice either party").

- 6 -

Dated: September 1, 2020

Sarah D. Gordon\*
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, D.C. 20036
(202) 429-3000
sgordon@steptoe.com

\*admitted *pro hac vice*

Respectfully submitted,

By: */s/ Eugene Welch*
Eugene Welch
TULLY RINCKEY, PLLC
400 Linden Oaks, Suite 110
Rochester, New York 14625
ewelch@tullylegal.com

Charles Michael\*
Meghan Newcomer\*
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, New York 10036
(212) 506-3900
cmichael@steptoe.com
mnewcomer@steptoe.com

*Counsel for Defendant Hartford Fire Insurance Company*