### UNITED STATES DISTRICT COURT FOR
### WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SALVATORE'S ITALIAN GARDENS INC., GARDEN PLACE, INC. and THE DELAVAN HOTEL, LLC** | |
| **Plaintiffs,** | **Case No.: 1:20-cv-00659-LJV** |
| **vs.** | |
| **HARTFORD FIRE INSURANCE COMPANY** | |
| **Defendant.** | |

### PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO STAY

Plaintiffs Salvatore's Italian Gardens Inc., Garden Place, Inc. and The Delavan Hotel, LLC ("Plaintiffs") respectfully reply to the Opposition filed by Defendant Hartford Fire Insurance Company ("Hartford") to stay deadlines in this matter pending a decision by the Joint Panel on Multi-District Litigation ("JPML").

### I.   HARTFORD IS RESPONDING TO AN ORDER TO SHOW CAUSE FROM THE PANEL AS TO WHY AN MDL SHOULD *NOT* BE CREATED

The JPML issued an Order to Show Cause upon Hartford as to why an MDL should not be formed, specifically selecting Hartford and certain other insurance carriers to show cause out of the laundry list of insurer carriers who were initially grouped together as related cases under proposed MDL 2942. The selection of Hartford and the other carriers for responding to an Order to Show Cause as to why an insurance carrier-specific MDL should not be created shows the Panel's apparent likelihood that it will establish MDLs for certain of the insurance carriers, including Hartford.   Hartford cites to caselaw that addresses stays while *motions to transfer* are pending but does not address Orders to Show Cause from the Panel.  The difference is not just semantics, because Orders to Show Cause by their very nature shift the burden on the parties to

express why an MDL should *not* be formed and are indicative of a much higher likelihood of transfer.  *See* Ex. A to Motion to Stay, at p. 4. (finding "the arguments for insurer-specific MDLs are more persuasive").

> Such an MDL would be limited to a single insurer or group of related insurers and thus would not entail the managerial problems of an industry-wide MDL involving more than a hundred insurers. The actions are more likely to involve insurance policies utilizing the same language, endorsements, and exclusions. Thus, there is a significant possibility that the actions will share common discovery and pretrial motion practice. Moreover, centralization of these actions could eliminate inconsistent pretrial rulings with respect to the overlapping nationwide class claims that most of the insurers face. An insurer-specific MDL therefore could achieve the convenience and efficiency benefits envisioned by Section 1407.

*Id.* at 3-4.  Indeed, the convenience and efficiencies contemplated by Section 1407 can be obtained in a Hartford-specific MDL.

## II.    The Need for Coordination of Responses to the Many Motions to Dismiss that Hartford is Filing Nationwide Justifies a Short Stay

Hartford is the target of many dozens of similar business interruption coverage cases throughout the country.  It has filed dozens of Motions to Dismiss like the one filed in this case and in many others has chosen instead to simply file an Answer.  *See, i.e., Roundin3rd Sports Bar LLC v. The Hartford et al.*, No. 2:2—cv-05159-SVW-PLA (C.D. Cal) (filing an Answer). Internally, Hartford clearly has developed a coordinated strategy for how to defend these lawsuits. It is picking and choosing in which cases to file Motions to Dismiss and in which cases to file an Answer.  In essence, it is forum shopping.  But when forum shopping involves the same type of claims against the same defendant involving the same type of insurance policy, the risk that forum shopping presents is that inconsistent decisions can result. Because the cases against Hartford have been filed all over the country by many different counsel for policyholders, coordination as it relates to Plaintiffs' strategy for opposing the Motions to Dismiss is much more complicated.

There are numerous factual issues that are common to all the actions against Hartford, including application of materially identical policy language, endorsements, and exclusions to claims; materially identical government shutdown orders; and materially identical claims. Hartford's Answers and Affirmative Defenses to Complaints and Rule 12 arguments are materially the same in most cases and rely upon issues such as whether COVID-19 causes "physical damage or loss to property" as that phase is used in the Hartford policies and whether COVID-19 was present on the insured property or on property sufficiently connected by proximity or in other ways to the insured property such that coverage is triggered.

These issues of fact require exploration and coordination on a nationwide level.  Unlike a typical insurance coverage case, the cause of the damage here is a virus that cannot be seen or otherwise detected through normal means.  Thus, the question of its presence cannot be resolved through testimony from typical fact witnesses such as the individual plaintiffs and discovery about their individual experiences.  Rather, the presence of the virus and the risk thereof will likely be established through epidemiological modeling, which would be most efficiently and cost-effectively done in a coordinated fashion.

Accordingly, Hartford's position that "a stay would serve no useful purpose here" is incorrect.  The short stay requested until the Panel rules, which should be shortly after the September 24 hearing, will facilitate a level playing field.  Currently, Hartford can self-coordinate since it is one party involved in all the lawsuits.  But on the Plaintiffs' side, it is the existence of an MDL that facilitates coordination by having a leadership group.  Absent a stay to permit the MDL Panel to consider and rule on the pending Order to Show Cause, Plaintiffs are forced to litigate in a less than coordinated fashion.  The strategies being employed to oppose Hartford's coordinated strategy will themselves not be coordinated based on the various policyholders'

counsel responding to them.  This would result in significant prejudice to policyholders, whose cases will most likely be coordinated in the MDL process, in addition to the obvious judicial inefficiencies that will ultimately result.  Given the procedural posture of this action and the related cases currently awaiting a ruling before the JPML, conservation of the parties' resources and judicial efficiency dictate that all deadlines in this matter, including Plaintiffs' obligation to respond to Defendant's Motion to Dismiss here, should be stayed pending the JPML's ruling.  *See North v. Merck & Co*., No. 05-CV-6475L, 2005 WL 2921638, at *2 (W.D.N.Y. Nov. 4, 2005).

*    *    *    *    *    *

Plaintiff respectfully requests this Court enter an order staying all proceedings in this matter, including Defendant's Motion to Dismiss, pending the JPML's decision.

Dated: September 8, 2020                    Respectfully submitted,

                                      */s/ John E. Richmond*
                                      John E. Richmond, Esq.
                                      **RICHMOND VONA, LLC**
                                      1659 Amherst St., Suite 100
                                      Buffalo, NY 14214
                                      Telephone: 716-500-5678
                                      Facsimile: 716-500-5679
                                      john@richmondvona.com

                                      Richard M. Golomb, Esq. (admitted *pro hac vice*)
                                      Kenneth J. Grunfeld, Esq. (admitted *pro hac vice*)
                                      **GOLOMB & HONIK, P.C.**
                                      1835 Market Street, Suite 2900
                                      Philadelphia, PA 19103
                                      Telephone: (215) 985-9177
                                      Facsimile: (215) 985-4169
                                      rgolomb@golombhonik.com
                                      kgrunfeld@golombhonik.com

Arnold Levin, Esq.
Frederick Longer, Esq.
Daniel Levin, Esq.
**LEVIN SEDRAN & BERMAN, L.L.P.**
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3697
Telephone: (215) 592-1500
alevin@lfsblaw.com
flonger@lfsblaw.com
dlevin@lfsblaw.com

W. Daniel "Dee" Miles, III
Rachel N. Boyd
Paul W. Evans
**BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.**
P.O. Box 4160
Montgomery, Alabama 36103
Tel: (334) 269-2343
Fax: (334) 954-7555
Dee.Miles@BeasleyAllen.com
Rachel.Boyd@BeasleyAllen.com
Paul.Evans@BeasleyAllen.com

*Counsel for Plaintiffs*